EL PUEBLO, DEMANDANTE Y APELADO, *v.* MARINI, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa por acometimiento con circunstancias agravantes.

No. 1387.—Resuelto en junio 17, 1919.

ACOMETIMIENTO CON CIRCUNSTANCIAS AGRAVANTES—SUFICIENCIA DE LA PRUEBA.— De la prueba en este caso resulta que la noche de autos se celebraba en Hormigueros un baile a beneficio de la "Cruz Roja" en el que por dos veces

pretendió entrar el acusado Vidal Marini con dos personas más que con él iban y no habiéndoles permitido la entrada William Fajardo, encargado del baile, trató de entrar de todos modos con sus acompañantes, impidiéndolo Fajardo y la policía. Cuando a las dos de la mañana de ese día Fajardo iba por la carretera en un automóvil con otras personas y unos niños encontraron otro automóvil detenido cerca del puente ''Cobijado'' con las luces apagadas en el que estaba Vidal Marini en mangas de camisa y los que antes le acompañaban y habiendo Marini preguntado si iba William Fajardo, mandó detener el automóvil y le dijo que bajara porque tenían que ventilar un asunto. Ante esta petición el automóvil en que viajaba Fajardo emprendió en seguida su marcha y entonces sonaron varios disparos de revólver cuyas balas atravesaron la parte trasera de la caja de dicho automóvil y su capota. *Se resolvió:* que si bien ningún testigo declaró que el acusado hiciera los disparos ni que le vieran armas de fuego en el momento, las circunstancias que rodean el caso justifican la sentencia dictada, pues el dilema es: que fué el acusado quien hizo los disparos o que estaba en confabulación con sus compañeros para atacar en esa forma a Fajardo, en cualquiera de cuyos casos es responsable del acometimiento perseguido, siéndolo en el último de acuerdo con la doctrina del caso de *El Pueblo* v. *Bianchi*, 18 D. P. R. 576.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

Abogado del apelado: *Sr. S. Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante Vidal Marini fué convicto del delito de acometimiento con circunstancias agravantes y la única cuestión que alega para pedirnos la revocación de la sentencia dictada contra él y su absolución es que la corte inferior cometió error al dictar la sentencia apelada porque la prueba presentada en el juicio es insuficiente para sostenerla.

El hecho que se imputa al apelante en la acusación es el de que en la noche del 7 al 8 de septiembre de 1918 y en la carretera de Hormigueros a Mayagüez, sitio del puente ''Cobijado'' ilegal, voluntaria, maliciosamente y con intención criminal de causar grave daño personal acometió con un revólver, que es un arma mortífera, a William Fajardo Dávila al que hizo varios disparos con dicha arma.

De la prueba resulta que esa noche se celebraba en Hormigueros un baile a beneficio de la Cruz Roja en el que por dos veces pretendió entrar Vidal Marini con dos personas

más que con él iban y no habiéndoles permitido la entrada
William Fajardo, encargado del baile, trató de entrar de to-
dos modos con sus acompañantes, impidiéndolo Fajardo y
la policía. Cuando a las dos de la mañana de ese día Fa-
jardo iba por la carretera en un automóvil con otras per-
sonas y unos niños encontraron otro automóvil detenido cerca
del puente "Cobijado" con las luces apagadas en el que es-
taban Vidal Marini en mangas de camisa y los que antes le
acompañaban y habiendo Marini preguntado si iba William
Fajardo, mandó detener el automóvil y le dijo que bajara
porque tenían que ventilar un asunto. Ante esta petición
el automóvil en que viajaba Fajardo emprendió en seguida
su marcha y entonces sonaron varios disparos de revólver
cuyas balas atravesaron la parte trasera de la caja de dicho
automóvil y su capota.

Hay contradicción entre los testigos de El Pueblo y los
del acusado respecto al grupo de donde partieron los disparos
pero fué resuelta por la corte inferior en el sentido de que
salieron del grupo que estaba detenido en la carretera puesto
que condenó al acusado que formaba parte de él y la única
cuestión a decidir ahora es si estuvo bien condenado Vidal
Marini por el acometimiento hecho a William Fajardo ya que
ningún testigo declaró que él hiciera los disparos ni que le
vieran armas de fuego en aquel momento.

Creemos que dadas las circunstancias concurrentes en este
caso no hubo error en la corte inferior al estimar probado que
fué Vidal Marini el responsable criminalmente del acometi-
miento perseguido teniendo en cuenta que él fué el que tuvo
el altercado con William Fajardo al negarle éste la entrada
en el baile, que lo más razonable es que estaba en la carretera
en espera de Fajardo ya que al llegar a este sitio el auto-
móvil en que éste viajaba preguntó si iba en él, mandó parar
el vehículo y pretendió que Fajardo bajara para ventilar con
él un asunto, sin que sus acompañantes intervinieran en este
momento y porque también es lo más lógico que al ver que el

automóvil de Fajardo partía de nuevo sin que bajara Fajardo fuera él quien hizo los disparos dada su actitud de riña.

Como los disparos partieron del grupo en que estaba Marini, demostrado también, porque el automóvil en que viajaba Fajardo fué atravesado por algunas balas y que una de estas pasó por encima de la cabeza de uno de los que en él estaba, dadas las circunstancias concurrentes en este caso el dilema es que fué Marini quien hizo los disparos o que estaba en confabulación con sus compañeros para atacar en esa forma a Fajardo en cualquiera de cuyos casos es responsable del acometimiento perseguido, siéndolo en el último de acuerdo con la doctrina del caso de *El Pueblo* v. *Bianchi,* 18 D. P. R. 576.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.